■ EAST THIRTEENTH STREET COMMUNITY ASSOCIATION et al., Appellants, v NEW YORK STATE HOUSING FINANCE AGENCY et al., Respondents. [630 NYS2d 517] —Judgment, Supreme Court, New York County (Walter M. Schackman, J.), entered on or about December 16, 1993, which, in a CPLR article 78 proceeding seeking declaratory and injunctive relief, dismissed the petition, unanimously affirmed, without costs.

The facts are set forth in our prior order in the related EDPL 207 proceeding (*East Thirteenth St. Community Assn. v New York State Urban Dev. Corp.*, 189 AD2d 352), and in the Court of Appeals decision in the same case (84 NY2d 287). Since the time of the Court of Appeals decision, however, construction of a 12, rather than the projected 14, storied building for homeless and low income families has been completed and approximately 50 families are living in the 94 available apartments.

We recognize that the scope of this article 78 challenge is broader than that of the EDPL 207 challenge to the Urban Development Corporation's (UDC) condemnation of the property, which was dismissed by this Court on the merits (189 AD2d 352, *supra*). That dismissal was affirmed by the Court of Appeals on the grounds that the non-condemnees did not have standing under EDPL 207 (84 NY2d 287, *supra*). We also appreciate that the nature of our review as well as the responsibilities of the agencies under the two sections are distinct, but that there is overlap between the two provisions. To the extent applicable here, we adhere to our prior order which offered a comprehensive evaluation of the relative merits of most of the petitioners' present claims. Based upon the application of our prior analysis to this concededly different procedural vehicle, we affirm the dismissal of this article 78 proceeding.

The petitioners' first objection, that the UDC acted in excess of its statutory jurisdiction and authority by lending its powers to the Housing Finance Agency, was rejected in our prior order, which held that "the actions complained of are not only proper but precisely the sort of activity for which the UDC was created" (189 AD2d, *supra,* at 357, citing *Wein v Beame,* 43 NY2d 326). In response to the identical challenge to the UDC's involvement in this project, we noted that: " 'UDC will be the owner of the building, and it is enough that UDC has chosen to participate in a project which is designed to combat otherwise inevitable urban blight, and which is thus clearly in accordance with the benign purposes of the Legislature in creating UDC' ". *(Supra,* at 357, quoting *Wein v Beame, supra,* at 331.) We also adhere to our prior conclusion that the UDC is not

limited to projects in which it is the prime mover (*see, Waybro v Board of Estimate*, 67 NY2d 349; *Wein v Beame, supra*); that "[t]here is no bar to the [UDC] taking part in projects where it plays an incidental but necessary role, as long as the clearance of blighted areas and reconstruction and rehabilitation remain the primary purpose of the participation"; and that the site of this proposed project was substandard and insanitary (189 AD2d 352, 358, *supra).*

Our prior order also found that the use of funds from the Permanent Housing for Homeless Families program was proper (*see*, Private Housing Finance Law § 64 [5]), and that the respondents were not required to prove financial feasibility by providing "an exhaustive and completely detailed budget * * * covering all contingencies" (189 AD2d 352, 360, *supra).* We concluded that the prohibition against the sale of City-owned property, except at public auction, was not implicated because the property was not sold by the City, but, instead, subject to a friendly condemnation by the UDC, and that the notice of sale of the property by the UDC was in substantial compliance with the statutory mandates, although there may have been some technical violations (*supra*, at 362).

Finally, we reject the petitioners' State Environmental Quality Review Act claims based upon our analysis in the prior proceeding (*supra*, at 366) that the Housing Finance Agency's " 'negative declaration' " under that act was adequately supported by the record, particularly since our prior order (*see, Kaskel v Impellitteri*, 306 NY 73, 78, *cert denied* 347 US 934 [whether determination was made "corruptly or irrationally or baselessly"]) would not prescribe a result different from that obtained by evaluating, pursuant to article 78, "whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]).

We have considered and rejected the petitioners' additional claims. Concur—Rosenberger, J. P., Wallach, Rubin, Kupferman and Asch, JJ.